PHILLIPS LEAD & SUPPLY CO. *vs.* HERMAN SWARTZ.

THE L. H. TILLINGHAST SUPPLY CO. *vs.* HERMAN SWARTZ.

FEBRUARY 5, 1926.

PRESENT: Sweetland, C. J., Rathbun, Sweeney, and Barrows, JJ.

(1)   *Mechanic's Lien.   Extension of Credit.*

The mere giving of credit for a fixed time to the contractor by the material man, is not a waiver of the right to claim a lien at the end of that time, where proceedings to enforce the lien are commenced within the statutory period.

(2)   *Mechanic's Lien.   Construction.*

The statute creating the material man's lien should be strictly construed.

(3)   *Mechanic's Lien.   Goods Furnished to be Used on Premises.*

Where materials were delivered to a contractor by the material man with knowledge that they might be used on several different jobs, the material man is not entitled to a lien, upon later discovering the particular premises where they were used.

PETITION to establish mechanics' liens.   Heard on appeal of respondent.   Appeal sustained in part.

SWEENEY, J.   These are petitions to establish mechanics' liens for plumber's materials furnished the McCaffrey Heating Company and by them used in a house owned by the respondent.   The petitions were consolidated as they were against the same property.   After trial in the Superior

Court a final decree was entered establishing the liens. The respondent has brought the petitions to this court by his appeal on the ground that the decree is against the law and the evidence.

The Phillips Lead and Supply Company sold and delivered to the Heating Company certain materials to be used in the house of the respondent. The materials were delivered on respondent's land and used in his house. The Heating Company agreed to pay for the materials within thirty days and agreed that, if they did not do so, they would help the petitioner establish a lien. The materials were not paid for within the time specified. The respondent contends that by extending credit to the Heating Company the petitioner waived its right to claim a lien against his property. We can not agree with this contention.

The statute grants a right of lien to the petitioner as security for materials furnished, and we think that it would be unreasonable to presume, without clear proof of an agreement to that effect, that the mere giving of the credit for thirty days waived the right to claim the lien at the end of that time. *Wheeler* v. *Schroeder*, 4 R. I. 383, 391; 27 Cyc. 49. The most that can be claimed under the agreement is that it suspended petitioner's right to commence proceedings to enforce its lien for thirty days. Having thereafter commenced legal process against respondent's land within the time limited by statute, petitioner is entitled to its lien.

The L. H. Tillinghast Supply Company sold some materials to the Heating Company to enable them to complete their contracts on the Elmgrove Plat. The materials were delivered to the Heating Company's truckman at the warehouse of the petitioner. When the materials were delivered to the truckman the petitioner did not know the particular house on the Elmgrove Plat they were to be used in. Several weeks later, after the Heating Company had been adjudged bankrupts, upon inquiry, the petitioner learned that the materials furnished by it had been used in

two houses on the Plat; one of the houses being owned by the respondent. Petitioner now seeks to establish a lien for the materials used in respondent's house. The respondent claims that the petitioner is not entitled to a lien as the materials were not sold and delivered to the Heating Company to be used in his house.

The statute creating the material man's lien should be strictly construed. *Newell* v. *Campbell Machine Co.*, 17 R. I. 74. *Gurney* v. *Walsham*, 16 R. I. 698, held that the materials must have been furnished by the material man to be used in the construction, erection or reparation of the building against which the lien is sought. This case is cited with approval in *Grimwood* v. *Greene*, 42 R. I. 225, which is similar, in many respects, to the case at bar. In the instant case the materials were delivered to the Heating Company with knowledge that they might be used on several different jobs. There was no agreement that the materials would be used in the respondent's house.

Under our statute if a person wishes to have the advantage of a lien for materials furnished to be used in the construction, erection or reparation of any building, it must appear that the materials were furnished by the material man for use in the particular building sought to be made subject to the lien. As the evidence proves that the petitioner did not furnish the materials for use in the respondent's house, it is not entitled to a lien thereon.

The appeal of the respondent is sustained; the decree of the Superior Court appealed from is reversed in so far as it finds that The L. H. Tillinghast Supply Company has a mechanic's lien upon respondent's real estate, and its petition is ordered dismissed with costs for the respondent; and said decree is affirmed in other respects, and the cause is remanded to the Superior Court for further proceedings.

*Greenlaw, Tilley & Tetlow,* for petitioners.

*Daniel P. Macdonald,* for respondent.