WILLAM H. REILLY *vs.* GRACE A. REILLY.

FEBRUARY 27, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is a petition for divorce, filed August 7, 1935, the ground alleged being that the parties have lived separate and apart from each other for a period of more than ten years. After a hearing, the petition was denied and dismissed by a justice of the Superior Court, and the

case is now in this court on the petitioner's bill of exceptions to that decision.

According to the respondent's testimony the parties separated July 31, 1925, she and their young daughter first going to live with relatives and later to an apartment of their own, while the husband went to live with his parents. The reason for the separation is not entirely clear. The petitioner contends that it came about because the parties could not get along together and they agreed to separate. The respondent maintains that her husband's financial condition caused them to live apart, that their relations were friendly and that the separation was intended to be for a short time only and until he could establish himself in business again. The evidence of respondent's aunt tends to support this claim. The respondent also testified that she first became aware of the petitioner's desire for a permanent separation some time in 1926, when there came to her attention certain matters relative to another woman.

The refusal to grant the petition did not rest upon the exercise by the trial justice of the discretion referred to in the statute regulating the disposition of divorce petitions of the type now before us. G. L. 1923, Chap. 291, Sec. 3. The trial justice based his decision, denying and dismissing the petition, solely on the ground that the preponderance of the evidence did not support the petitioner's claim that the parties had lived separate and apart for the required period. Until this fact was satisfactorily established, the trial justice was not in a position to exercise his discretion. *Guillot* v. *Guillot,* 42 R. I. 230.

The respondent testified that after the separation and during the remainder of the year 1925 and during the years 1926 and 1927, the petitioner frequently had marital relations with her, which occurred at the home of the relative with whom she lived, at her own apartment and once on a steamer going to New York. The petitioner denied any such occurrences, and gave an explanation of the New York trip. He also stated that the visits to his wife were

made for the purpose of seeing his child. The respondent was corroborated in relation to the petitioner's calling upon her and the child, taking them out, and the opportunity for the relations testified to by the respondent.

The issue thus raised by the conflicting evidence was clearly one of fact. It had to be determined by the trial justice from the weight he gave to the testimony of the various witnesses and from his opinion of their credibility, particularly that of the parties involved. In coming to his decision, the advantage of observing the witnesses as they testified was doubtless an aid. He found from the evidence, and from all the facts and circumstances surrounding the separation of the parties and their conduct, that they had engaged in the relations testified to by the respondent, and had not lived separate and apart for more than ten years prior to the filing of the petition.

It is well settled that findings of fact by a trial justice in a divorce case will not be disturbed by this court unless they clearly fail to do justice between the parties. *Warren* v. *Warren,* 33 R. I. 71; *Cummings* v. *Cummings,* 132 A. 4. The testimony of the respondent and a witness, in substance, that the separation in the beginning was to be of short duration and of a temporary nature, and the evidence of the respondent concerning the continuance for some time after the separation, of marital relations between the parties, furnish a basis for the findings of the trial justice. We have examined the evidence herein and find that it supports his decision.

The petitioner, however, contends that even if the parties engaged in marital relations after they had separated, such relations, under the facts and circumstances disclosed by the testimony, would not operate to prevent the running of the ten-year period required by the statute. He urges that such relations should be considered merely as successive unsuccessful attempts at reconciliation. We are of the opinion that these contentions are without merit. The statute, Sec. 3, *supra,* contains the following words:

". . . that the parties have lived separate and apart from each other for the space of at least ten years." This language is clear and unambiguous. We construe it to mean that not only must the parties actually live separate and apart one from the other, but that the ordinary and usual relationships which exist between married persons living together under normal conditions, including marital intercourse, must not continue. See *Stewart* v. *Stewart,* 45 R. I. 375.

This court heretofore has had occasion to pass upon the scope and intent of said Sec. 3, *supra.* In *Camire* v. *Camire,* 43 R. I. 489, at page 491, it said: "In the statutory provision in question the intent of the General Assembly appears that when a husband and wife have lived separate and apart for ten years there is little prospect of reconciliation between them and that then, after such ample time for reconciliation has been given, either should be allowed to appeal to the discretion of a justice of the Superior Court, asking that they be freed from a bond which is no longer beneficial to them or to society." See also *McKenna* v. *McKenna,* 53 R. I. 373.

It is clear that if, during a portion of the ten-year period, the parties engaged frequently in marital relations, as was found to be the fact in the instant case, there is still a prospect that a reconciliation between them may be effected, and any such possibility is viewed with favor. Under such a state of facts the ample time for reconciliation contemplated by the statute, namely, at least ten years living separate and apart, would not have passed so as to entitle either of the parties to a divorce on this statutory ground, and the purpose and intent of the statute would not have been satisfied. Further, in our opinion, no analogy properly can be drawn between successive acts of intercourse, considered as unsuccessful attempts at reconciliation, and which, it is claimed, did not interrupt the continuity of the ten-year period, and a temporary reconciliation brought about in the ordinary divorce case

by an act of condonation, which is conditional forgiveness, forfeited by the further misconduct of the other party. The holding in *Mason* v. *Mason*, 46 R. I. 43, has no application to the present case.

We find that the decision of the trial justice is without error.

The petitioner's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Vincent I. McMahon,* for petitioner.

*Roger L. McCarthy,* for respondent.